DANA FAY *versus* EPHRAIM GOULDING Junior *et al.*

The payee of a note declared on it as payable to himself, but it appeared to be payable to himself *or his order.* *Held*, that this was not a material variance.

ASSUMPSIT on a promissory note, alleged to be payable to the plaintiff. The note produced in evidence at the trial of the action was payable to the plaintiff *or his order.* The question reserved was, whether the allegation in the declaration was supported by the evidence.

*Oct. 8th.*

*Newton* and *Lincoln*, for the plaintiff, cited 1 Chitty on Pl. 299 ; *Frederick* v. *Cotton*, 2 Shower, 8 ; Bayley on Bills, (Phil. & Sewall's ed.) 274 ; *Ferguson* v. *Harwood*, 7 Cranch, 408 ; 3 Starkie on Ev. 1563, 1579 ; *Alvord* v. *Smith*, 5 Pick. 232 ; *Baptiste* v. *Cobbold*, 1 Bos. & Pul. 7 ; *Roberts* v. *Harnage*, 2 Salk. 659 ; *Moore* v. *Paine*, Cases Temp. Hardw. by Annaly, 288 ; *Mountstephen* v. *Brooke*, 1 Barn. & Ald. 224 ; *Richards* v. *Heather*, ibid. 29 ; *Ankerstein* v. *Clarke*, 4 T. R. 616.

*Davis* and *Allen*, for the defendant, cited *Barriere* v. *Nairac*, 2 Dallas, 249 ; *Sebree* v. *Dorr*, 9 Wheaton, 558 ; *Jones* v. *Fales*, 4 Mass. R. 245.

*Oct. 11th.*

*Per Curiam.* As the action is brought by the payee, this is not a material variance. If the plaintiff were an indorsee it would have been necessary to allege that the note was payable to the payee or his order.